EASTERN RAILWAY COMPANY OF MINNESOTA, Respondent,
vs. McCord and another, Appellants.

*May 8—September 29, 1908.*

*Railroads: Condemnation of land: Conditions precedent: Statutes:
Certificate of Railroad Commission: Construction of part of line.*

1. The provision of sec. 1831, Stats. (1898), making it a condition
   precedent to the right to condemn land for a proposed extension
   of a railroad that the route of such extension shall be desig-
   nated by resolution of the board of directors of the railroad
   company, is not abrogated by ch. 454, Laws of 1907, providing
   for the obtaining from the Railroad Commission of a certificate
   of convenience and necessity.

2. A certificate by the Railroad Commission to the effect that pub-
   lic convenience and necessity require the construction of a rail-
   road between certain specified points and that the Commission
   has authorized its construction, and "that the portion thereof
   covered by this certificate is" a small part only of the line be-
   tween the points named, is contradictory and void. No power
   is given to the Commission by sec. 1797—51, Stats. (Laws of
   1907, ch. 454), or otherwise, to authorize the building of a part
   only of a railroad which it has certified to be required by pub-
   lic convenience and necessity.

APPEAL from an order of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Reversed.*

A proceeding, upon the petition of the *Eastern Railway
Company of Minnesota,* to condemn lands for its use as a
railroad. A portion of the lands so sought to be acquired
front on St. Louis Bay, which is connected with Lake Supe-
rior. The petition alleges that the railway company has
complied with the conditions imposed by statute to entitle it
to condemn lands for its use in conducting its transportation
business in this state; that it is building an extension of its
railroad; that it needs these lands for such extension of its
main line, and for yards, stations, sidetracks, buildings, and
building grounds, and to make connection with other rail-
roads; and that it intends in good faith to use these lands for

such railroad purposes. It is also averred that it has there-tofore made application to the Railroad Commission of Wisconsin and taken such steps as authorize the Commission to determine the question of the public convenience and necessity of constructing the proposed extension of its railroad, and that such Commission has issued to it a certificate that public convenience and necessity require the construction of the extension of its railroad, and has authorized its construction over the following line:

"Commencing at the bridge of the Duluth & Superior Bridge Company, which connects Rice's Point in the state of Minnesota with Connor's Point in the state of Wisconsin, thence in a general easterly direction down the bay shore of the Bay of Superior and terminating at or near Pouilliot avenue in the town site of Middleton, city of Superior, and that the portion thereof covered by this certificate is between said Pouilliot avenue and E street in Roy's addition to the city of Superior, as shown by map attached to said application, marked 'Exhibit 3,' and now on file with this Commission."

It appears that the company has surveyed other proposed extensions which connect with its existing line of railroad, but no other steps have been taken to establish and construct such proposed extensions. The line of the proposed extension covered by the certificate of the Railroad Commission has no direct physical connection with petitioner's route as heretofore constructed by it. The board of directors of the petitioner has not passed, as prescribed by statute, a resolution designating the route of its proposed extension, either of the part embraced in the certificate of the Railroad Commission or of the parts which it has surveyed and proposes to construct.

The circuit court found that the petitioner had complied with the conditions precedent to entitling it to condemn the land over the route as located in the Railroad Commission's certificate of convenience and necessity and which it seeks

to secure for its railroad, appointed commissioners to ascertain and appraise the compensation to be made to the owners and persons interested in the real estate described in the condemnation, and to perform the duties imposed on them by law. This is an appeal from such order.

For the appellants there was a brief by *Luse, Powell & Luse,* attorneys for *McCord,* and by *J. B. Arnold & E. A. Arnold,* attorneys for *Hibbard,* and the cause was argued orally by *L. K. Luse.*

*J. A. Murphy,* for the respondent.

The following opinion was filed June 5, 1908:

SIEBECKER, J. The appellants, as owners of land which petitioner seeks to condemn for railroad uses, aver that petitioner is not authorized to take their lands for railroad purposes, because it has not complied with the statutory requirements to entitle it to exercise the right of eminent domain. They aver that petitioner has not, by resolution of its board of directors, designated the route of the proposed extension of the railroad, as prescribed by the statute (sec. 1831, Stats. 1898). The statute provides that to authorize petitioner to extend its road from any point named in its charter or articles of organization this step shall be taken by the board of directors. The railroad company denies that this is a necessary condition precedent and asserts that this requirement is abrogated by the provisions of ch. 454, Laws of 1907, regulating the construction and operation of railroads. It is contended that this chapter (ch. 454, Laws of 1907) supplants and abrogates the section requiring that the route of a proposed extension shall be designated by resolution of the board of directors, entered of record, and filed with the secretary of state, and that the construction of branches and extensions of railroads is now wholly controlled by the provisions of this chapter. This chapter does not specify the steps to be taken in place of the requirements imposed on railroad companies

by secs. 1831 and 1820, Stats. (1898), by which the railroad company declares its purpose to construct extensions or branches and secures certain rights and privileges. True, ch. 454, Laws of 1907, enacts that no railroad company shall exercise the powers conferred by law, or begin the construction of a line of railroad as proposed in its charter, or extend its line, or build extensions or branches connected therewith or any line of railroad whatsoever, until it shall have obtained the certificate of the Railroad Commission that public convenience and necessity require it; and that the application to the Commission for such certificate shall be accompanied by maps and profiles of the proposed route, that notice thereof shall be given to interested parties, that the certificate and maps shall be filed as directed, that such steps shall be conditions precedent to the right of the railroad company to institute and maintain condemnation proceedings, and that an appeal for review may be taken from the action of the Commission to the Dane county circuit court; yet we find no provision or provisions taking the place of the conditions imposed by secs. 1831 and 1820, Stats. (1898), by which the railroad company, by its properly constituted authority, the board of directors, must declare its purpose to undertake the construction of branches and extensions of its railroad and to secure the privileges conferred by law. This step is very essential in order that it may assume the obligation and inform the state of its intention to accept the rights and perform the duties of a common carrier and that it proposes to conduct this public business over such designated branches and extensions. The steps to be taken by it, under ch. 454, Laws of 1907, to secure a certificate of convenience and necessity, are not an equivalent of the act of the board of directors under sec. 1831, Stats. (1898), to obtain these rights. The conditions imposed by this chapter are designed to protect the public against the building of unnecessary roads and to secure advantageous location of those which are deemed necessary for the public purposes, and are precedent to securing

the privilege of doing a railroad business. Since the company has not complied with the conditions of secs. 1831 and 1820, Stats. (1898), appellants, as property owners whose land is sought to be condemned for the use of the railroad, can insist that this proceeding to condemn and take their property for such use be dismissed. It follows that the order of the circuit court appointing commissioners to appraise the lands in question is erroneous and must be reversed, with directions to dismiss the application.

Counsel have fully presented the question of the sufficiency of the certificate of convenience and necessity as granted by the Railroad Commission. The certificate declares that such convenience and necessity require the construction of a railroad commencing at the bridge described therein, and thence to a point at or near Pouilliot avenue, and then certifies "that the portion thereof covered by this certificate is between said Pouilliot avenue and E street in Roy's addition to the city of Superior, as shown by map attached." The two parts of the certificate are contradictory. The first part certifies to the necessity of an extension of the railroad over the whole distance between the points first located, while the last part covers only a small part of the line authorized to be built between the two points specified. It is averred by the petitioner that the certificate authorizes construction of the whole extension, and the latter clause in the certificate authorizes the building of a part of it at this time. We find no authority for such a certificate. The only authority granted the Commission to issue a certificate for part of a proposed railroad is that conferred by sec. 1797—51, Stats. (Laws of 1907, ch. 454). This section, however, confers no authority to authorize the building of only a part of a railroad which the Commission has certified to be required for public convenience and necessity. We think the certificate is fatally defective in this respect and this renders it void.

Many other questions respecting the scope and conclusive-

ness of the certificate, as to the questions involved in the proceeding before the Commission for its issuance, and as to the provisions of ch. 454, Laws of 1907, as abrogating conditions precedent to the right of instituting condemnation proceedings theretofore imposed by statute, and also the right of the petitioner to construct its road so as to seriously impair or to deprive owners of land fronting on St. Louis Bay of their riparian rights, have been presented.    Determination of any of these questions is not required to dispose of the questions involved in this appeal and we do not therefore decide them.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court with directions to enter an order dismissing the application to institute and maintain condemnation proceedings.

MARSHALL, J., took no part.

A motion for a rehearing was denied September 29, 1908.